UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL WILLIAM KOCH,<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>            Defendant. | CASE NO. C16-5063 BHS<br><br>ORDER DENYDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

    This matter comes before the Court on Plaintiff Michael Koch's ("Koch") application to proceed *in forma pauperis* and proposed complaint (Dkt. 1).

    On January 25, 2016, Koch filed the instant motion and proposed complaint challenging the constitutionality of 18 U.S.C. § 1153(a) and 25 U.S.C. § 1301. *Id.* Koch asserts that the term "Indian" in these statutes is unconstitutionally vague. *Id.* Koch was convicted under these statutes and contends that the conviction must be vacated because the statutes are void for vagueness. *Id.*

    The Court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court,

however, has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

In this case, Koch's complaint is without merit because the Ninth Circuit has already rejected a challenge identical to Koch's. In *United States v. Broncheau*, 597 F.2d 1260 (9th Cir. 1979), the defendant argued "that [§] 1153 is impermissibly vague because it does not define the term 'Indian' and thereby permits arbitrary prosecutorial discretion in the prosecution of individuals for [§] 1153 crimes." *Id*. at 1263. The court rejected this argument and reasoned as follows:

> Unlike the term "Indian country," which has been defined in 18 U.S.C. [§] 1151, the term "Indian" has not been statutorily defined but instead has been judicially explicated over the years. The test, first suggested in *United States v. Rogers*, 45 U.S. 567, 11 L.Ed. 1105 (1845), and generally followed by the courts, considers (1) the degree of Indian blood; and (2) tribal or governmental recognition as an Indian. *United States v. Dodge*, 538 F.2d 770, 786 (8th Cir. 1976), *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 547 (1977) (enrollment and one-fourth Indian blood*); F. Cohen, Handbook of Federal Indian Law* 3 (1942); *See United States v. Indian Boy X*, 565 F.2d at 594 (enrollment and residence); *United States v. Lossiah*, 537 F.2d 1250, 1251 (4th Cir. 1976) (enrollment and three-fourths Indian blood); *Azure v. United States*, 248 F.2d 335, 337 (8th Cir. 1957) (enrollment).
> We therefore believe that the term "Indian," as judicially developed from 1845 to the present, "has a meaning sufficiently precise for a man of average intelligence to 'reasonably understand that his contemplated conduct is proscribed.'" *United States v. Mazurie*, 419 U.S. at 553, 95 S.Ct. at 715-716. Moreover, we note that Broncheau admitted that he was an enrolled Indian at the time his guilty plea was entered and has never suggested that he did not understand the term "Indian" as it applied to him. In addition, the record shows that the district judge, who had lived in the

> community and was acquainted with the Broncheau family, identified Broncheau as an Indian. As in *United States v. Mazurie*, the distinction between Indians and non-Indians was commonly understood and readily made by all concerned. *Id*. at 553 n. 10, 95 S.Ct. 710.
>
> Contrary to Broncheau's assertion, merely because the term "Indian" has been judicially defined on a case-to-case basis does not render [§] 1153 impermissibly vague as applied to him. The standard for determining who is an Indian has been adequately established by judicial decision. The prosecution of Broncheau was neither arbitrary nor irrational under the circumstances.

*Broncheau*, 597 F.2d at 1263–64 (footnotes omitted). Therefore, the Court concludes that Koch's challenge to the statute in general is without merit.

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In the alternative to a general challenge to a statute, a party may also challenge the statute as it applies to that party. In other words, Koch may challenge the definition of "Indian" as it applies in his specific case. However, the fact that Koch pled guilty to the underlying charge[1] bars any factual challenge to Koch's conviction. *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975) (reasoning that a voluntary and intelligent guilty plea, by establishing a reliable admission of factual guilt, "removes the issue of factual guilt from the case" and, therefore, "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction.") Therefore, the Court concludes that any amendment challenging the constitutionality of the relevant statutes would be futile. The Court **DENIES** Koch's

---

[1] *See Koch v. Thomas*, Cause No. 14-5046RBL (W.D. Wash) (Koch's habeas petition).

motion to proceed *in forma pauperis* (Dkt. 1) and **DISMISSES** Koch's complaint **with prejudice**. The Clerk shall close this case.

**IT IS SO ORDERED**.

Dated this 1st day of February, 2016.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge